UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------ x
FRANTZ PETION and MARIE PHOEBE   :
PETION,                          :
                                 :
          Plaintiffs,            :
                                 :
v.                               :   Civil No. 3:17-cv-687 (AWT)
                                 :
ALLIED HOME MORTGAGE CAPITAL     :
CORP., OPTION ONE MORTGAGE       :
CORP., LIBERTY TITLE & ESCROW    :
CO., GARY D. MARINOSCI,          :
CHRISTOPHER P. ZANGARI, STEVEN   :
AUTIERI, AMANDA W. TIERNAN, LEE  :
KEENEDY TIERNAN, MARINOSCK &     :
ZANGARI, P.C. and MARINOSCI &    :
TIERNAN,                         :
                                 :
          Defendants.            :
------------------------------ x
```

**ORDER RE MOTION TO REMAND**

The plaintiffs filed this action on November 24, 2008, in the Connecticut Superior Court for the Judicial District of Waterbury, claiming violations of the Truth-in-Lending Act ("TILA"), 12 U.S.C. § 2601, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 1601, et seq., and also asserting state law claims. Defendant Allied Home Mortgage Capital Corporation ("Allied") removed the action to the District of Connecticut on January 2, 2009. At that time, the court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the federal causes of action, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

The court granted the plaintiffs leave to amend the complaint on June 16, 2009.  The Second Amended Complaint claimed no federal causes of action and added nondiverse defendants.  The court then granted the plaintiff's motion to remand, declining to exercise supplemental jurisdiction over the state law claims.  See Ruling on Mot. to Remand, Petion v. Allied Home Mortgage Capital Corp., No. 3:09cv01(SRU), (Doc. No. 58.) (D. Conn. July 15, 2009).

On April 24, 2017, the plaintiffs, now proceeding pro se, removed the action to the District of Connecticut.  Defendant Liberty Title and Escrow Company has moved to remand the action to Connecticut Superior Court.  See Doc. No. 7.  For substantially the reasons Liberty Title and Escrow Company sets forth in its motion -- namely, (1) removal by the plaintiff is improper, (2) removal is untimely, and (3) the court lacks subject matter jurisdiction -- the Motion to Remand (Doc. No. 7) is hereby GRANTED.

The Motion to Appoint Counsel (Doc. No. 8) is hereby DENIED.

This action is remanded to Connecticut Superior Court for the Judicial District of Waterbury.

It is so ordered.

Signed this 14th day of July, 2017, at Hartford, Connecticut.

                /s/ AWT
        Alvin W. Thompson
        United States District Judge